IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK HAEFT, #43341-060 | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO.  DKC-07-649 |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Mark W. Haeft, an inmate at the Federal Correctional Institution in Cumberland, Maryland.[1] Haeft alleges that the Bureau of Prisons has wrongfully classified him as a violent offender, thereby making him ineligible for early release after completing the Residential Drug Treatment Program.[2] Counsel for the United States seeks to dismiss the case, and alternatively,  moves for summary judgment.[3]  Upon review of the pleadings, the court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I. Background**

On February, 23, 2005,  in the United States District Court for the Northern District of Ohio, Haeft pleaded guilty to an Information which charged that  "by force and violence, and by intimidation, did [he] take from a teller approximately $5,850.00 belonging to and in the care,

---

[1] This matter was transferred here by the United States District Court for the Northern District of Ohio.

[2] Upon successful completion of the Residential Drug Abuse Program (RDAP), inmates who have been sentenced to imprisonment for committing a "non-violent" offense may be considered for early release from incarceration.  *See* 18 U.S.C.§ 3621(e)(2)(B); 28 C.F.R. § 550.58.

[3] Petitioner was provided notice and an opportunity to respond to the dispositive motion, but has not replied.

custody, control, management and possession of Genoa Bank...." in violation of 18 U.S.C. § 2113(a). Ex. 2. Matason Decl. Attach. F. On July 18, 2005, the Ohio District Court sentenced Haeft to forty months incarceration. *See United States v. Haeft*, Criminal Action No. 05-714 (Northern District of Ohio).

Haeft originally filed this action pursuant to 28 U.S.C. §2255. *See Haeft v. United States,* Civil Action No. 06-2833 (Northern District of Ohio). The Ohio District Court construed the Petition pursuant to 28 U.S.C. §2241 and transferred it here, the judicial district where Haeft is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 494-95 (1973) ( court has jurisdiction over habeas corpus petition if it has personal jurisdiction over a petitioner's custodian).

On April 6, 2007, this court granted Haeft twenty days to pay the civil filing fee or move to proceed in forma pauperis. Petitioner has failed to comply with the court's order.

## II.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides "[n]o action shall be brought with respect to prison conditions under 1983 of this title, or any other federal law by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). In *Booth v. Churner*, the Supreme Court held that Congress mandated completion of the prison administrative remedy process. *See* 532 U.S. 731, 733-34 (2001). Although the PLRA does not define the term "prison conditions," the Supreme Court in *Porter v. Nussle*, 534 U.S. 516, 525 (2002) described the rationale for exhaustion.

> ... Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances corrective action taken in response to an inmates's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. [citations omitted].

*Id*. at 525. In this circuit, these principles have been applied to petitions for writ of habeas corpus. See *e.g. Asare v. U.S. Parole Commission*, 2 F. 3d 540, 544 (4th Cir. 1993); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir. 2004); *Miller v. Clark,* 958 F. 2d 368 (4th Cir. 1992) (table).[4]

The Bureau of Prisons (BOP) has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a)

Contrary to Petitioner's assertion that he has "exhausted all administrative remedies in this matter through the Mid Atlantic Region and the RDAP coordinator Dr. Alexa L. Matason in FCI Cumberland" (Petition at 2, ¶ 8B), verified exhibits submitted by counsel show that Haeft has made no efforts to exhaust his administrative remedies. Ex. 1, Sankey Declaration; Ex. 1 Attachment D.

It bears noting that the Residential Drug Abuse Program Notice To Inmate form, which

---

[4] Although not binding precedent, *McClung v. Shearin* and *Miller v. Clark* are instructive.

Petitioner signed on January 30, 2006, informed him that he was ineligible for the early release incentive for completing RDAP and that he had twenty days to appeal.  Petitioner, however, failed to appeal.  Additionally, Petitioner neither argues nor demonstrates that exhaustion would be futile. Had Petitioner availed himself of administrative remedies, the BOP would have had the opportunity to investigate and address his concerns.

### III.  Conclusion

For the above reasons, the court will dismiss the petition without prejudice. A separate order follows.

| | |
|---|---|
|    June 25, 2007    |            /s/            |
| Date | DEBORAH K. CHASANOW<br>United States District Judge |